UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EILEEN SMYTH § | |
| § | |
| v. § | CIVIL NO. 4:20-CV-047-SDJ |
| § | |
| AMANDA TRAVIS, ET AL. § | |

**MEMORANDUM ADOPTING THE REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 3, 2020, the Report of the Magistrate Judge, (Dkt. #50), was entered containing proposed findings of fact and recommendations that Defendant CitiMortgage, Inc.'s Partial Motion to Dismiss, (Dkt. #33), and Defendant Cenlar FSB's Partial Motion to Dismiss, (Dkt. #36), each be granted in part and denied in part. Having assessed the Report and considered Defendants CitiMortgage, Inc. and Cenlar FSB's Partial Objection, (Dkt. #52), Plaintiff Eileen Smyth's Objection, (Dkt. #55), and Defendants CitiMortgage, Inc. and Cenlar FSB's Response, (Dkt. #56), the Court determines that the Magistrate Judge's Report and Recommendation, (Dkt. #50), should be adopted.

**BACKGROUND**

Plaintiff Eileen Smyth originally filed suit in state court against Defendants Amanda Travis, Gilbert Travis, CitiMortgage, Inc. ("CitiMortgage"), and Cenlar FSB ("Cenlar") asserting causes of action arising out of the foreclosure of Smyth's home. Defendants timely removed to this Court. Upon removal, the Court advised the

1

parties of the different pleading standards in state and federal court and authorized the parties to replead as necessary to comply with federal pleading standards. (Dkt. #4). Smyth responded by filing her First Amended Complaint. (Dkt. #12).

Smyth's First Amended Complaint asserted against CitiMortgage and Cenlar claims for breach of contract, violations of the Texas Debt Collection Act ("TDCA"), violations of the Real Estate Settlement Procedures Act ("RESPA"), and a "suit to set aside the foreclosure sale and cancel the trustee's deed." (Dkt. #12). CitiMortgage and Cenlar responded by filing motions to dismiss Smyth's breach-of-contract and TDCA claims as well as Smyth's "suit to set aside the foreclosure sale and cancel the trustee's deed" for failure to state a claim. (Dkt. #19, #20). Noting that the pleading deficiencies identified by the motions could potentially be cured, the Magistrate Judge granted Smyth the opportunity to amend her complaint to address any deficiencies raised by the dismissal motions. (Dkt. #31).

Smyth responded by filing a Second Amended Complaint, (Dkt. #32), asserting the same causes of action but recharacterizing her "suit to set aside the foreclosure sale" as a request for a declaratory judgment declaring the foreclosure sale void. CitiMortgage and Cenlar again moved to dismiss, this time seeking dismissal of only the TDCA claims and the request for declaratory judgment. (Dkt. #33, #36).

The Magistrate Judge recommended that the Court dismiss Smyth's TDCA claims with prejudice but permit Smyth's request for declaratory relief to proceed. (Dkt. #50 at 12). Each party objected to the Magistrate Judge's Report. Smyth does not object to the Magistrate Judge's recommendation that her TDCA claims be

dismissed but objects to the recommendation that dismissal be with prejudice because "it cannot be said that *any* amendment would be futile." (Dkt. #55 at 1–2) (emphasis in original). In response, CitiMortgage and Cenlar argue that Smyth should not be permitted to amend her complaint again because she has already twice amended her complaint. (Dkt. #56 at 1–2).

CitiMortgage and Cenlar, for their part, object to the Magistrate Judge's recommendation that Smyth be permitted to proceed with her claim for declaratory relief. (Dkt. #50 at 11). They argue that the request goes beyond a declaration of Smyth's rights under the Deed of Trust and therefore exceeds the scope of the federal Declaratory Judgment Act. Smyth did not file a response to this objection.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

**I. Smyth's Objection**

The Magistrate Judge concluded that Smyth's TDCA allegations "are little more than conclusory statements that Defendants CitiMortgage and Cenlar violated the TDCA" and that Smyth's TDCA claims should be dismissed with prejudice. (Dkt. #50 at 8–11). Smyth objects only to the extent that the Magistrate Judge recommended that dismissal be with prejudice.

3

The Magistrate Judge gave Smyth an opportunity to replead in order to cure pleading deficiencies raised by CitiMortgage and Cenlar in their dismissal motions. (Dkt. #31). While Smyth acknowledges that dismissal with prejudice is typically warranted when a plaintiff fails to cure pleading deficiencies after being granted an opportunity to do so, Smyth nevertheless contends that she should be permitted to again amend her complaint to attempt to cure the defects identified by the Magistrate Judge because "it cannot be said that *any* amendment would be futile." (Dkt. #55 at 2) (emphasis in original). In her objection, Smyth implies that her Second Amended Complaint's failure to cure the TDCA pleading deficiencies is the result of the breakdown in communications between Smyth and her counsel.[1] (Dkt. #55 at 1). Therefore, Smyth seems to contend that dismissal should be without prejudice because it is possible that the pleading deficiencies could be cured in the future should Smyth resume communications with counsel. The Court disagrees.

A court may deny leave to amend if there is "repeated failure to cure deficiencies by amendments previously allowed" or if the amendment would be futile. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). After Smyth's lawsuit was removed, the Court advised Smyth of the different pleading standards in state and federal court and permitted Smyth to amend her complaint as needed to comply with the federal standard. After CitiMortgage and Cenlar moved to dismiss some of

---

[1] Before filing Smyth's objections to the Magistrate Judge's Report, Smyth's counsel filed a Motion to Withdraw as Attorneys for Plaintiff, (Dkt. #51), in which Smyth's counsel seek to withdraw their representation because Smyth has ceased communications with them.

Smyth's claims, the Magistrate Judge offered Smyth a second opportunity to amend her complaint to conform to federal pleading standards, this time with specific notice of the pleading deficiencies alleged by CitiMortgage and Cenlar. Smyth then filed her Second Amended Complaint—the live pleading. Smyth has had ample opportunity to adequately plead her TDCA claims in accordance with federal pleading standards, and she has repeatedly failed to do so. Accordingly, dismissal with prejudice is warranted.

Smyth contends that she should be permitted yet another opportunity to replead because her prior failures to cure pleading deficiencies were the result of a breakdown in communications between her and her counsel, and it is possible that some amendment in the future could cure the deficiencies. But the possibility that a future amendment of Smyth's pleading might fix the deficiencies at issue is insufficient to merit the relief requested. In this regard, Smyth fails to explain how the opportunity to amend her complaint a third time would cure any of the deficiencies she has thus far been unable to remedy. Likewise, Smyth fails to show how another opportunity to amend would not be futile. *See Retana v. Twitter, Inc.*, 419 F. Supp. 3d 989, 999 (N.D. Tex. 2019); *Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 671 (N.D. Tex. 2019). For these reasons, Smyth's objection is overruled.

## II. CitiMortgage and Cenlar's Objection

The Magistrate Judge concluded that, "[t]o the extent the live pleading could be construed to include a claim for declaratory judgment, the Court recommends

Plaintiff should be permitted at this juncture to proceed with a declaratory judgment claim." (Dkt. #50 at 11). The Magistrate Judge therefore recommended that CitiMortgage and Cenlar's dismissal motions be denied with respect to Smyth's request for a declaratory judgment.

In her live pleading, Smyth asserts a claim for declaratory judgment, arguing that CitiMortgage and Cenlar's failure to comply with the Deed of Trust warrants a declaration that the substitute trustee's deed from the November 5, 2019 foreclosure sale is void and, therefore, should be set aside. (Dkt. #32 at 19–21). In her briefing, Smyth clarifies that she seeks a declaration that "the foreclosure sale is noncompliant with the Deed of Trust and applicable law—and thus void." (Dkts. #40 at 10, #44 at 3). Smyth's breach of contract claim, in turn, is premised, at least in part, on CitiMortgage and Cenlar's alleged failure to comply with the Deed of Trust. (Dkt. #32 at 6–12).

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 752 (E.D. Tex. 2013) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984)). As the federal rules delineate, "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." FED. R.

CIV. P. 57. Here, Smyth asserts a claim for breach of contract and a request for a declaratory judgment. (Dkt. #32 at 6, 19).

CitiMortgage and Cenlar argue that a judgment declaring the foreclosure sale void goes beyond merely declaring the rights of the parties and would therefore be an inappropriate application of the Declaratory Judgment Act. However, courts routinely consider requests for declaratory judgments declaring foreclosure sales void and allow them to proceed so long as there is a surviving, substantive cause of action—such as a claim for breach contract—to support the request for declaratory relief. *See, e.g., Fraley v. BAC Home Loans Servicing, LP*, No. 3:11–CV–1060–N–BK, 2012 WL 779130, at *9–10 (N.D. Tex. Jan. 10, 2012) (declining to dismiss a request for a declaratory judgment setting aside a foreclosure sale because some of the plaintiff's substantive claims survived dismissal), *report and recommendation adopted*, No. 3:11–CV–1060–N–BK, 2012 WL 779654 (N.D. Tex. Mar. 9, 2012); *see also Casalicchio v. BOKF, N.A.*, 951 F.3d 672, 675–78 (5th Cir. 2020) (considering the merits of a plaintiff's request for a declaratory judgment voiding a foreclosure sale in conjunction with the plaintiff's claim for breach of the deed of trust). CitiMortgage and Cenlar point to no authority standing for the proposition that a judgment declaring a foreclosure sale void is not a valid declaratory judgment. Rather, the authority cited by CitiMortgage and Cenlar only confirms that the Declaratory Judgment Act does not create a freestanding cause of action and therefore cannot support a lawsuit when all substantive claims have been dismissed. *See James v.*

*Wells Fargo Bank, N.A.*, No. H-14-0449, 2014 WL 2123060, at *9 (S.D. Tex. May 21, 2014). Here, on the other hand, some of Smyth's substantive claims remain.

CitiMortgage and Cenlar argue that, because the Declaratory Judgment Act does not create a substantive cause of action, issuing a declaration voiding the foreclosure sale would convert the Declaratory Judgment Act into a substantive cause of action. The Court disagrees. It is true that the Declaratory Judgment Act merely authorizes a remedy and does not itself create a substantive cause of action. *Dederick v. Wells Fargo Bank, N.A.*, No. 4:15-cv-675, 2015 WL 12915555, at *3 (E.D. Tex. Dec. 18, 2015). However, Smyth does not claim the Declaratory Judgment Act is the source of her substantive right to void the foreclosure sale. Rather, Smyth's complaint makes clear that the source of her substantive right to void the foreclosure sale is CitiMortgage and Cenlar's alleged breach of the Deed of Trust. Smyth's request for a declaratory judgment that the foreclosure sale is void is best understood as a remedy requested by Smyth in conjunction with her breach-of-contract claim. And while CitiMortgage and Cenlar have made clear that they do not believe that Smyth's breach-of-contract claim entitles her to such a remedy, applicable precedent fails to support their position. In *Casalicchio*, for example, the plaintiff requested a declaratory judgment voiding a foreclosure sale as a remedy for the plaintiff's claim for breach of the deed of trust. 951 F.3d at 675. Rather than holding that such relief was categorically unavailable in breach-of-contract cases, the Fifth Circuit proceeded to consider the merits of the claim. *See id.* CitiMortgage and Cenlar's objections are therefore overruled.

## CONCLUSION

Having considered Defendants CitiMortgage, Inc. and Cenlar FSB's Partial Objection, (Dkt. #52), Plaintiff Eileen Smyth's Objection, (Dkt. #55), and Defendants CitiMortgage, Inc. and Cenlar FSB's Response, (Dkt. #56), the Court adopts the Magistrate Judge's Report and Recommendation, (Dkt. #50), as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant CitiMortgage, Inc.'s Partial Motion to Dismiss, (Dkt. #33), and Defendant Cenlar FSB's Partial Motion to Dismiss, (Dkt. #36), are each **GRANTED in part** and **DENIED in part**. Plaintiff Eileen Smyth's Texas Debt Collection Act claims against Defendants CitiMortgage, Inc. and Cenlar FSB are hereby **DISMISSED** with prejudice. All other claims remain.

**So ORDERED and SIGNED this 15th day of March, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE